UNITED STATES DISTRIC.T COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH DIROCCO, individually and on behalf of all those similarly situated,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>CENTERLINE SOLUTIONS LLC,  )<br>)<br>Defendant.  )<br>) | Case No.: 6:18-CV-1056[DNH/TWD]<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Joseph DiRocco ("Plaintiff"), individually and on behalf of all others similarly situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through undersigned counsel, alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages based upon violations that Defendant has committed of Plaintiff's rights guaranteed to him by the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a) and the New York Labor Law ("NYLL") brought by Plaintiff on behalf of himself and others similarly situated against Defendant Centerline Solutions LLC ("Defendant" or "Centerline"), for failing to pay them overtime wages.

2. Defendant is a wireless network connectivity services provider which operates in various states throughout the United States, including in New York, Colorado, Virginia and Utah.

3. Plaintiff has worked for Centerline from approximately January 2016 through the present, holding the position of "Tech Tower II." Plaintiff's position is an hourly, non-exempt position.

1

4. Throughout Plaintiff's employment, Plaintiff has regularly worked in excess of 40, and often in excess of 50, hours per week. However, until approximately March of 2018, Defendant failed to pay Plaintiff overtime compensation at the statutorily mandated overtime rate of pay for all hours that Plaintiff worked per week that was in excess of 40 total hours, as the FLSA and the NYLL required. Specifically, Defendant failed to count time Plaintiff spent driving from Defendant's office in Rochester, NY to his job site as hours worked for the purposes of calculating overtime due to Plaintiff.

5. Defendant paid all of its hourly, non-exempt employees in this manner.

6. Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA.

7. Plaintiff also brings this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all other persons similarly situated who worked for Defendant in New York during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL.

**JURISDICTION AND VENUE**

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a claim pursuant to the FLSA.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant transacts business in this District and a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

11. Plaintiff Joseph DiRocco is an adult resident of Glenfield, New York, and is a "person" and an "employee" entitled to protection as defined in the FLSA and NYLL.  Mr.. DiRocco worked as a tower technician for Defendant at its Rochester, New York location.

12. Defendant Centerline Solutions is a Colorado limited liability company with its principal place of business in Golden, Colorado. Defendant operates in various states throughout the United States, including New York, Colorado, Virginia and Utah. Defendant is an "employer" and "person" within the meaning of the FLSA and NYLL.

13. At all relevant times, Centerline has employed two or more persons, including Plaintiffs, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

14. At all relevant times, Centerline achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

15. Defendant issued paychecks to Plaintiff and similarly situated employees during their employment.

16. Defendant directed the work of Plaintiff and similarly situated employees and benefited from work performed that Defendant suffered or permitted from them.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff seeks to bring this action to recover from Defendant overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. 216(b), on his own behalf as well as those in the following collective action:

> Current and former employees of Defendant who, during the applicable FLSA limitations period, performed any work for defendant as non-exempt hourly employees who give consent to file a claim to recover damages for overtime compensation due to them for hours worked in excess of forty hours per week ("FLSA Plaintiffs").

18. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Defendant failed to count their drive time as hours worked for purposes of calculating overtime due to them, were subject to the same laws and regulations, were paid in the same or a similar manner, and were not paid the required one and one-half times their respective regular rates of pay for all hours worked in excess of 40 per workweek.

19. At all relevant times, Defendant is and has been aware of the requirements to count all hours worked by Plaintiff and all FLSA Plaintiffs as hours worked for the purposes of calculating their overtime pay, including whether they were eligible for overtime pay in a given workweek, yet they purposefully and willfully chose not to do so.

20. All FLSA Plaintiffs have suffered damages as a result of Defendant's practice of not counting drive time towards hours worked for the purposes of determining overtime eligibility and computation.

## RULE 23 CLASS ALLEGATIONS

21. In addition, Plaintiff seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on his own behalf as well as on behalf of those who are similarly situated who, during the applicable statutory period, Defendant subjected to violations of the NYLL.

22. Plaintiff seeks certification of the following Rule 23 class:

Current and former employees of Defendant who, during the applicable FLSA limitations period, performed any work for defendant as non-exempt hourly employees within the State of New York who worked in excess of 40 hours per week without receiving overtime compensation at time and one-half of their regular rates of pay for all hours in excess of 40 worked ("Rule 23 Plaintiffs").

<u>Numerosity</u>

23. During the previous six years, Defendant has employed a total of at least 40 hourly non-exempt employees that are members of the putative class.

<u>Common Questions of Law and/or Fact and Predominance</u>

24. There are questions of law and fact common to each and every putative class member that predominate over any questions solely affecting individual members of the Rule 23 class, including but not limited to the following: whether Defendant failed to count drive time as hours worked for the purpose of determining eligibility for overtime compensation; whether Defendant failed to count drive time as hours worked for the purpose of calculating the amount of overtime compensation owed; the manner in which Defendant compensated each Rule 23 Plaintiff; whether Defendant compensated Rule 23 Plaintiffs at the legally required rate of one and one-half times their respective regular rates of pay for all hours worked per week in excess of 40; whether Defendant maintains any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL; whether Defendant's violations were in willful violation of the NYLL; and what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

25. As discussed in the "Background Facts" section below, Defendant employed Plaintiff as an hourly non-exempt employee. Plaintiff's claims are typical of the claims of the

Rule 23 Plaintiffs he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant in excess of 40 hours per week as non-exempt hourly employees whom Defendant did not pay overtime compensation at the rate of time and one-half their regular rates of pay for all hours worked in excess of 40.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid one and one-half times their regular rate of pay for all hours worked per week in excess of 40.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury including lack of compensation or undercompensation due to Defendant's common policies, practices and patterns of conduct.  Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendant's defense to those claims.

<u>Adequacy</u>

26.     Plaintiff, as described below, has worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendant.  Defendant did not pay Plaintiff overtime pay at the rate of one and one-half times his regular rate for all hours worked in excess of 40 each week, which is substantially the same or similar to how Defendant paid the Rule 23 Plaintiffs.  Plaintiff anticipates providing discovery responses and documents and testifying under oath as to all matters raised in this Complaint or that will be raised in Defendant's Answer.  Thus, Plaintiff will properly and adequately represent the current and former employees whom Defendant has subjected to the compensation practices alleged herein.

<u>Superiority</u>

27.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein,

Defendant treated Plaintiff identically, or at the very least substantially similarly, to the Rule 23 Plaintiffs.

28. Any lawsuit brought by an hourly non-exempt employee of Defendant would be identical to a suit brought by any other employee for the same violations alleged herein. Thus, separate litigation would risk inconsistent results.

29. Accordingly, a class action is superior to any other method of protecting the Rule 23 Plaintiffs' rights and this action is properly maintainable as a class action under Rule 23(b)(3).

30. Additionally, Plaintiff's counsel has substantial experience in this field of law.

## **BACKGROUND FACTS**

31. Centerline is wireless network connectivity provider which operates in various states throughout the United States, including in New York.

32. Plaintiff has worked for Centerline in Centerline's Rochester, New York location from approximately January 2016 through the present.

33. Plaintiff is an hourly non-exempt employee. Plaintiff's position is Tower Tech II.

34. Plaintiff and all other hourly non-exempt employees were required to report to Defendant's Rochester office each Monday morning. Once there, they attended a safety meeting, were assigned to crews, job sites and vehicles.  The crews would gathered materials needed for the job and then drive together to the job site. If the job site was local, they would return to the Rochester office at the end of the day and report to the Rochester office each morning of the job. If the job was out of town, the crew would stay in a hotel while the job was being completed.

35. Plaintiff and all other hourly non-exempt employees regularly worked in excess of 40, and often in excess of 50, hours per week.

36. Plaintiff and all other hourly non-exempt employees were required to track their hours worked in Centertrack, Centerline's electronic time tracking system.

37. Defendant failed to pay Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs the legally required amount of overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA and NYLL.

38. Instead, Defendant failed to count Plaintiff's, FLSA Plaintiffs, and Rule 23 Plaintiffs' drive time as hours worked for the purposes of determining eligibility for and calculating overtime compensation due.

## COUNT I - FAIR LABOR STANDARDS ACT

39. Plaintiff and FSLA Plaintiffs re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

40. Plaintiff's consent to join this lawsuit is attached hereto as Exhibit "A."

41. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate of one and one-half times their regular rate of pay for any hours worked in excess of 40 in a workweek.

42. As described above, Defendant is an employee within the meaning of the FLSA, and Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

43. As described above, Defendant failed to count Plaintiff's and FLSA Plaintiffs' drive time as hours worked for the purpose of determining their eligibility for and calculating overtime compensation owed to them.

44. Accordingly, Defendant failed to compensate Plaintiff and FLSA Plaintiffs time and one-half their regular rate of pay for all hours worked in excess of 40 per workweek in accordance with the FLSA's overtime provisions.

45. Defendant's failure to pay Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions was in willful violation of the FLSA.

46. Plaintiff and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of 40 at the rate of one and one-half times their respective regular rates of pay.

47. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees and costs for Defendant's violations of the FLSA.

## COUNT II – NEW YORK LABOR LAW

48. Plaintiff and Rule 23 Plaintiffs re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

49. NYLL § 160 requires employers to compensate their employees at a rate of not less than one and one-half times their regular rate of pay for any hours worked in excess of 40 in a workweek.

50. As described above, Plaintiff and Rule 23 Plaintiffs regularly worked in excess of 40 hours per week, yet Defendant failed to include their drive time as hours worked for the purposes of overtime compensation.

51. Accordingly, Defendant failed to compensate Plaintiff and Rule 23 Plaintiffs one and one-half their respective regular hourly rates for all hours worked in excess of 40 per workweek in accordance with the NYLL's overtime provisions.

52. Defendant's actions were in willful violation of the NYLL.

53. Plaintiff and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of 40 at one and one-half times their regular rates of pay.

54. Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees and costs for Defendant's violations of the NYLL.

## JURY DEMAND

26. Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs demand a trial by jury on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

A. Designation of this action as an FLSA collective action and authorization to notify similarly situated employees of their right to opt in to this action under 29 U.S.C. § 216(b);

B. Certification of the claims brought in this case under the NYLL as a class action pursuant to Fed. R. Civ. P. 23;

C. Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

D. An award of all damages for unpaid wages and compensation that are due to the named Plaintiff and all similarly situated employees under the FLSA and the NYLL;

E. An award of liquidated damages pursuant to the FLSA and NYLL;

F. A finding that Defendant's violations of the FLSA and NYLL have been willful;

G. A finding that the statute of limitations for the FLSA claims is three years;

    H.  Attorneys' fees and costs;

    I.  Pre- and post- judgment interest; and

    J.  Any other relief to which Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs may be entitled.

Dated: September 4, 2018

Respectfully submitted,

*/s/ Sergei Lemberg*
Sergei Lemberg, Esq.
Tamra Givens, Esq. (to be admitted *pro hac vice*)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com
tgivens@lemberglaw.com

*Attorneys for Plaintiff*